UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismail Dickerson, #15434, ) | C/A No. 3:09-2268-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| City of Charleston Police Department; Officers ) | |
| LaFromboise, Engles, Cone; Sgt. McBrayer; MPO-K9 ) | |
| Officer D. Tharp; victims Michael Green and Jenny ) | |
| Vannhannegeyn; and K-9 Odde, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Introduction

The plaintiff, Ismail Dickerson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Charleston County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name several employees of the City of Charleston Police Department as defendants.[2] Liberally construed, the plaintiff alleges false arrest, false imprisonment, and excessive force. Plaintiff seeks money damages and injunctive relief. The defendants Green and Vannhannegeyn should be summarily dismissed from this action based upon immunity and failure to state a cognizable claim, and

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

defendant K-9 Odde should be dismissed for failure to state a claim upon which relief may be granted.[3]

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of

---

[3] Contemporaneously with this report and recommendation, the court enters an order authorizing service of process upon defendants City of Charleston, LaFromboise, Engles, Cone, McBrayer, and D. Tharp.

a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff brings this action related to an incident that occurred on November 25, 2007, in Charleston, South Carolina.[4] Plaintiff alleges that defendant Vannhannegeyn called "911" to report that a person had attempted to rob her and defendant Green. Plaintiff alleges that defendants Vannhannegeyn and Green gave false statements to the police by describing the wrong person as the perpetrator. Plaintiff further alleges that defendants Vannhannegeyn and Green wrongfully pointed him out to the police as the person who had committed the crimes. Plaintiff alleges that they lied to the police officers when they pointed out Plaintiff as a criminal. Plaintiff alleges that he was arrested for attempted armed robbery, attempted burglary first degree, and resisting arrest, and he alleges that he served eleven months in jail without ever being convicted of any of those charges. Plaintiff alleges that later the defendants Vannhannegeyn and Green did not pursue the prosecution of the case against him. Plaintiff alleges that after spending several months in jail all charges except resisting arrest were dismissed at a preliminary hearing. Plaintiff alleges that in October of 2008, while acting *pro se*, he was able to obtain a dismissal of the resisting arrest charge (and presumably he was released from jail at that time). Liberally construed, it appears that Plaintiff's claim against defendants Vannhannegeyn and Green is for violation of the Fourth Amendment due to the illegal seizure or wrongful imprisonment. Plaintiff seeks damages from defendants Vannhannegeyn and Green due to their false identification of him as the perpetrator of crimes.

With respect to defendant K-9 Odde, Plaintiff alleges that on November 25, 2007, the law enforcement defendants used excessive force during his arrest and that he suffered physical injuries

---

[4] The factual allegations are taken from the Complaint and Plaintiff's Answers to Court's Special Interrogatory. *See* Docket Entries 1 and 7.

including broken ribs and a dog bite. Plaintiff alleges that the officers purposefully caused defendant K-9 Odde, the police dog, to bite him. Plaintiff alleges that due to his injuries he was transported to the Medical University of South Carolina for treatment before being sent to the jail. Plaintiff appears to bring an excessive force claim and to seek money damages against defendant K-9 Odde. Plaintiff also requests injunctive relief that the dog "be terminated from the City of Charleston Police Department, and that this K-9, be adopted by myself or another loving family...."

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff failed to state a cognizable claim against defendants Vannhannegeyn and Green. Allegedly, defendants Vannhannegeyn and Green identified Plaintiff to the police as the perpetrator of the crime by actually pointing out Plaintiff to the police. Where a witness simply provides law enforcement with information within his knowledge, such as by identifying a person, that witness cannot be civilly liable for the law enforcement official's execution of his investigatory duty provided the witness gave the information in good faith. *See Brice v. Nkaru*, 220 F.3d 233, 239 n.6

5

(4th Cir. 2000) (even where a witness mistakenly misidentifies a person as the perpetrator of a crime the witness cannot be civilly liable unless the witness did more than just provide information). An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 200-203 (1989). In this case, although Plaintiff uses words such as "false" statements or "lied," it is clear that the crux of Plaintiff's claim is his belief that defendants Vannhannegeyn and Green misidentified Plaintiff to the police. In other words, Plaintiff alleges that those defendants were incorrect when they advised law enforcement that he had committed the crimes. This does not rise to the level of a constitutional violation cognizable under § 1983.

    Also, defendants Vannhannegeyn and Green should be dismissed from this action because they have absolute witness immunity to the extent they may have testified against Plaintiff during any criminal proceeding.[5] It is well settled that a private witness in a state court proceeding cannot be sued for damages under 42 U.S.C. § 1983 because "it is clear that § 1983 did not abrogate the absolute immunity existing at common law . . . . " *Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in

---

[5] Of course, because those defendants allegedly did not pursue the prosecution against Plaintiff, it is possible that they did not testify at any criminal proceeding in which case witness immunity may not be applicable.

judicial proceedings was well established in English common law . . . . The plaintiff could not recover even if the witness knew the statements were false and made them with malice.").[6]

Additionally, defendants Vannhannegeyn and Green did not act under color of state law. In limited circumstances, a private entity defendant can act under color of state law for purposes of § 1983. The Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action." *See Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994). "First, a private party that is regulated by the state acts under color of state law where there is a 'sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id. See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Second, "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." *Conner v. Donnelly*, 42 F.3d at 224. Third, where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.'" *Id.* In this case, Plaintiff's factual allegations would not support any of those legal theories.

Lastly, defendant K-9 Odde should be dismissed from this action because the dog is not a person subject to suit. K-9 Odde is allegedly a canine, and a police dog is not subject to civil liability under § 1983. *See Dye v. Wargo*, 253 F.3d 296, 299-300 (7th Cir. 2001).

---

[6] "This absolute privilege applies only to damages liability; lay and official witnesses remain subject to prosecution for perjury ... if they knowingly make false statements in court." *Crawford v. Abrams*, No. 0:06-1990-TLW-BM, *available at* 2007 WL 2934904 at *3 n.3 (D.S.C. 2007).

Recommendation

This court recommends that the District Court summarily dismiss defendants Michael Green, Jenny Vannhannegeyn, and K-9 Odde from this case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

                                                    Joseph R. McCrorey
                                                    United States Magistrate Judge

October 26, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).