IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ismail Dickerson,                              )
    Plaintiff,                               )    Case No. 1:09-2268-RMG-SVH
                                               )
v.                                             )    **ORDER**
                                               )
City of Charleston Police Department, et. al., )
    Defendants.                              )
                                               )

This is a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Defendants' motion for summary judgment should be granted. (Dkt. No. 45). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff objected to the R&R. (Dkt. No. 51). Having conducted a *de novo* review of the Record in this matter and having considered Plaintiff's objections, this Court agrees with the Magistrate Judge and adopts her recommendation as the Order of this Court. Summary judgment in favor of the Defendants is proper in this matter.

**LAW/ANALYSIS**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation

to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As shown herein, each of Plaintiff's claims fail on their merits. First, Plaintiff named the City of Charleston Police Department ("CPD") as a defendant. However, under 42 U.S.C. § 1983, only a "person" may be sued. Defendant CPD is a department and is not a person subject to suit under § 1983. *See Carter v. Georgetown County Sheriff's Department*, 2009 WL 1393509 at *3 (D.S.C. 2009) ("It is well settled that only 'persons' may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a 'person.'").

Second, as to Plaintiff's false arrest/imprisonment claim, the standard to determine the lawfulness of an arrest is whether probable cause existed. *Park v. Shiflett*, 250 F.3d 843 (4th Cir. 2001). When a court examines the existence of probable cause, it will "examine the totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (citations omitted). Here, Plaintiff has not alleged a set of facts that show it was unreasonable for defendants to have concluded that Plaintiff was involved with the charged offenses. Specifically, Defendants assert and Plaintiff has not disputed, the following facts: (1) the victim in this case dialed 911 and alleged that a person meeting Plaintiff's description threatened to use a firearm if she did not give him money and threatened to force entry into her residence; (2) when LaFromboise and Engles located the Plaintiff, approached him, and identified themselves as police

officers, he first walked away and then began running; (3) while running away, Plaintiff pulled his jacket over his right hand and shouted "I have a gun! I'm gonna shoot you!" while pointing at LaFromboise and Engles. See Engles Aff., LaFromboise Aff. ¶¶ 4-9 (Dkt. Nos. 29, 34-2). Additionally, when Defendants attempted to take Plaintiff into custody, he refused to place his arms behind his back after they attempted to gain compliance from him. See Tharp Aff., ¶ 11 (Dkt. No. 25-5). Thus, Plaintiff's false arrest/ imprisonment claim fails.

Third, claims that law enforcement officials have used excessive force in the course of an arrest are properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Determining whether the force used to carry out a particular arrest is "unreasonable" under the Fourth Amendment requires "balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). Here, the actions of Defendants were objectively reasonable under the facts and circumstances they faced. First, from the reports of the victim and the actions of Plaintiff, Defendants had reason to believe that he committed an attempted armed robbery and attempted burglary. Next, from their observations, it was clear that the Plaintiff was attempting to avoid arrest. Further, although they did not see a firearm on the Plaintiff, it was reasonable to assume, both for their own safety as well as the safety of any bystanders, that Plaintiff possessed a firearm when he pulled his jacket over his right hand and shouted "I have a gun! I'm gonna shoot you!" Additionally, although the Defendants could have approached the Plaintiff without the use of K-9 Odde, "[t]he Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm." *Id.* at 479.

Finally, the Defendants followed proper procedure in releasing K-9 Odde to apprehend the Plaintiff. As this court has recognized, "the use of police dogs can (1) prevent officers from having to resort to deadly force and (2) protect the officers from being subjected to deadly force used against them by suspects attempting to avoid arrest." *Mickle v. Ahmed*, 444 F.Supp.2d 601, 611 (D.S.C. 2006) (internal citations omitted). Moreover, Plaintiff concedes that any force by Defendants stopped once he was handcuffed. Compl. at 3 (Dkt. No. 1). In *Wilson v. Flynn*, the Fourth Circuit found it significant "that [the Plaintiff] admit[ted] that the allegedly excessive force ceased after the officers handcuffed him." 429 F.3d 465, 469 (4th Cir. 2005). "This fact supports the finding that the force used by the officers was that force which was necessary to affect the arrest of an aggressive individual in a rapidly changing environment." *Id*. Thus, in reviewing the Record and balancing the considerations, this Court concludes that Defendants were objectively reasonable and did not violate Plaintiff's Fourth Amendment rights.

## CONCLUSION

After a *de novo* review of the record, magistrate judge's Report and Recommendation, the Plaintiff's objections, and the relevant case law, this Court **grants** Defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 6, 2011
Charleston, South Carolina